PLANT (GODY v.). See Case No. 5,499.

## Case No. 11,206.
### PLANT v. HOLTZMAN et al.
[4 Cranch, C. C. 441.][1]

Circuit Court, District of Columbia. March Term. 1834.

CONFESSION OF JUDGMENT—SUPERSEDEAS—MARYLAND STATUTE OF 1791.

The confession of judgment, in order to operate as a supersedeas, must be made in the very words of the statute of Maryland, 1791, c. 67; and an execution issued upon a judgment confessed in any other form by way of supersedeas is null and void, and the justice who issued the

[1] [Reported by Hon. William Cranch, Chief Judge.]

execution, the constable who served it, and the party who ordered it, were trespassers, and liable to the party injured thereby, for his damages.

Trespass, against the justice of the peace, who issued five writs of fieri facias against the plaintiff upon five supersedeas judgments supposed to have been confessed by the plaintiff, but not confessed in the form required by the statute. The only evidence of the confession of judgment was an indorsement by Mr. Justice Clark on the warrant of arrest of one Richard Wright at the suit of the present defendants, James and Alexander Heron, in these words: "Superseded June 29th, by James K. Plant."

C. Cox, for defendants, contended that it was not necessary that the certificate of the confession should be made out in full and signed by the justice. And the uniform practice had been otherwise; and that the justice's indorsement that the debt was superseded, was conclusive.

CRANCH, Chief Judge (nem. con.). This is an action of trespass brought by James K. Plant against John Holtzman, a justice of the peace, and James and Alexander Heron, for causing five writs of fieri facias to be levied on the goods of the plaintiff, at the suit of the defendants, James and Alexander Heron. The facts of the case appear to be as follows: The plaintiff's goods were seized by one Trunnell, a constable, upon five writs of fieri facias issued against the plaintiff by the defendant Holtzman, whose only authority for issuing the same was the following indorsement on each of five warrants of arrest issued by John Cox, a justice of the peace for the county of Washington, against one Richard Wright, at the suit of the other defendants, James and Alexander Heron, namely· "1833, June 6th. Judgment for plaintiff confessed. Debt, forty-five dollars and two cents, on interest from date; cost, fifty-eight cents. John D. Clark. Superseded June 29th, by James K. Plant. John D. Clark." The said John D. Clark was a justice of the peace for the county of Washington. The original warrant of arrest, issued by Mr. Justice Cox, commanded the constable to have the said R. Wright "before a justice of the peace" for the said county on the 8th of June, 1833, to answer to James and Alexander Heron, "in a plea of debt under a warrant."

By the second section of the act of congress of the 1st of March, 1823 (3 Stat. 743), extending the jurisdiction of justices of the peace in the District of Columbia, it is enacted "that in all cases where judgments shall be rendered by a justice of the peace, it shall be lawful for the defendant to supersede the said judgment at any time within sixty days from the rendition of the same; which supersedeas shall stay execution for six months thereafter, and shall be taken by the justice who rendered the judgment, and

no other." And by the ninth section, it is provided "that any justice of the peace before whom supersedeas may be taken, or any other justice of the peace of the said county, may and shall, at the request of the plaintiff," etc., "issue execution, by way of capias ad satisfaciendum or fieri facias, against the principal debtor and his sureties, or against either of them, after the expiration of the time so mentioned in the said supersedeas." That act does not prescribe the form or manner of superseding a judgment. This is done by the Maryland act of 1791, c. 67; by the first section of which act, it is enacted, that no execution shall issue upon any judgment obtained in the court of appeals, or general court, or upon any decree in the court of chancery, provided the person against whom such judgment or decree is obtained, shall come before one judge of the general court, one of the justices of the county court, or two justices of the peace of the county, etc., "within two months after the rendition of such judgment, and, together with two other persons, such as the said judge," etc., "shall approve of, confess judgment for his debt, and costs of suit, adjudged or decreed, with stay of execution for six months thereafter, which confession shall be made in manner and form following; that is to say: 'You, H. M., A. B., and C. D., do confess judgment to E. F. for the sum of ——, and —— costs, which were recovered by the said E. F. against H. M. on the —— day of ——, in the —— court; the said —— to be levied of your bodies, goods or chattels, lands or tenements, for the use of the said E. F., in case the said H. M. shall not pay and satisfy to the said E. F. the said —— so as aforesaid recovered against him, with the additional costs thereon, on the —— day of —— next;'" which confession shall be signed by the said "judge, justice, or justices, before whom the same is made, and certificate thereof shall be procured under the hand or hands, of the said judge, justice, or justices, and such certificate shall be a sufficient supersedeas to the sheriff to forbear serving execution upon the body or goods of the person so obtaining such certificate."

By the third section it is enacted, that no execution against any person shall issue on any judgment rendered by a single magistrate, provided such person shall go before any justice of the peace of the county within two months, etc., "and together with security, such as the justice shall approve of, confess judgment for the debt and costs of suit adjudged, with stay of execution as aforesaid; which confession shall be in manner and form as aforesaid; and shall be signed by the justice taking the same; and certificate thereof shall be procured under his hand, which shall be a sufficient supersedeas as aforesaid."

It is admitted, that Mr. Justice Clark did

not take the confession of judgment in the manner and form prescribed in the act; having never spoken to the debtor and his surety the precise words required by the act to make a valid confession, or recognizance; and that no such words had been spoken or written by Mr. Justice Clark, or certified to Mr. Justice Holtzman before the executions were issued and served. Mr. Justice Clark, however, has, since the service of the executions, signed a paper purporting to be a confession of judgment something like that required by the act; but what words were addressed by the justice to Mr. Wright and Mr. Plant, or what words were spoken by them to him, which he thought justified him in writing the words, "superseded by James K. Plant," on the back of the warrant of arrest, do not appear. That indorsement does not affirm that Mr. Wright confessed a new judgment jointly with Mr. Plant.

The power of the justice to render a new judgment upon the confession of the debtor and his surety, is a special power given by statute, and to be exercised in a precise and exact form; and the general rule is, that such an authority must be strictly pursued, or the act is a nullity.

It is stated that the entries on the justice's docket, and the judgment of the justice, were the only forms then generally observed. Those entries are the same which are before mentioned as having been indorsed on the original warrants of arrest. They are certainly not the forms required by the statute to constitute a valid confession of judgment. A mere declaration by any person, that he is willing to supersede a judgment for the debt of another, is not such a solemn confession of judgment as the act requires. The debtor and his surety should go before the magistrate at the same time, and should enter into recognizance in the very words required by the act; and the magistrate should not certify that to be done which was not done. In order to prevent mistakes and misunderstandings in so important a matter as a confession of judgment, which may involve a man in ruin, the legislature has thought proper to give a peculiar solemnity to the transaction, and to require it to be done in a precise form. If not done in that form, it cannot be a judgment; for the whole validity of the transaction is derived from the statute itself, and it must be done exactly according to the prescribed forms, or it is of no avail. The legislature has required certain forms and ceremonies. The magistrate dispenses with them. If this can be done, there is no use in making laws. Whatever may have been the practice of Mr. Justice Clark, or any other magistrate, it cannot alter the law.

In the present case, the confession of judgment, not having been made in the manner and form required by the statute, no judgment was rendered against Mr.

Plant, and Mr. Justice Holtzman had no authority to issue the writs of fieri facias, and he and the other defendants who procured the writs, and the constable who served them, must be considered as trespassers. See, also, Bac. Abr. "Trespass," D; Yates v. Lansing, 5 Johns. 290; The Marshalsea, 10 Coke, 68; Terry v. Huntington, Hardr. 480.